GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR23-01349-PHX-JJT |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Roberto Juan Mariscal, | |
| Defendant. | |

Defendant Roberto Juan Mariscal ("Defendant" or "Mariscal") pleaded guilty to Count 36, Material False Statement During the Purchase of a Firearm.  The United States recommends that Defendant receive a sentence of no more than eighteen (18) months imprisonment.  The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("Draft PSR").  (ECF 26.)  The United States agrees with the Draft PSR calculations resulting in a Final Offense Level of 15 and Criminal History Category I.  Draft PSR at ¶¶ 32 and 36.  This results in a Guidelines range of 18–24 months' imprisonment.  However, the government does not agree with the probations officer's recommendation of no imprisonment or supervised release.  The United State's sentencing recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant Mariscal on September 26, 2023.  On December 21, 2023, Mariscal pleaded guilty to Count 36 of the Indictment, Material False Statement During the Purchase of a Firearm, in violation of 18 United States Code §§ 922(a)(6) and 924(a)(2).  Defendant agreed with the following facts set forth in his plea agreement at the change of plea proceeding.

On November 11, 2022, Defendant Mariscal purchased a FN Herstal Scar 20S rifle at Cabela's 415 in Glendale, Arizona.  To obtain the firearm, Mariscal made a material false statement on the ATF Form 4473.  Specifically, Mariscal indicated that he was the actual transferee/buyer of the firearm, when he knew that he was purchasing the firearm on behalf of someone else.  Additionally, for nearly a year, Mariscal purchased approximately 26 firearms, spending approximately $18,000, at multiple FFLs.  Mariscal sold many of these firearms in the parking lot at gun shows for a profit of $500 per firearm.

Further, Mariscal attempted to purchase three additional firearms, but the FFLs denied the transfer of the firearms.  Mariscal's crimes occurred on over a dozen separate dates.  Mariscal completed over twenty (20) 4473 Forms.  Mariscal used an address on all the 4473 Forms that was not current/accurate, but he also completed all of the forms stating he was the actual purchaser, when he was in fact purchasing the firearms to sell.  Five firearms were recovered, with time from purchase to recovery of 1, 22, 113, 141, and 164 days (all in Arizona).

## II.    UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Mariscal receive a sentence of no more than 18 months in the Bureau of Prisons ("BOP"), which is the low-end of the Guidelines.  The government also recommends the term of incarceration be followed by a term of three-years' supervised release.  As calculated in the PSR, Defendant Mariscal has a Total Offense Level of 15, Criminal History Category I, and a Guidelines

range of 18–24 months' imprisonment.  The United States will dismiss the outstanding 39 counts of the Indictment.

**A.     A Sentence of no more than 18 months in BOP is Appropriate under § 3553(a)**

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).  As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).  The United States submits that no more than 18 months imprisonment for this Defendant is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

**1.     Nature and Circumstances of the Offense**

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).  Defendant Mariscal purchased approximately 26 firearms over nearly one year, and he attempted to purchase additional firearms.  Mariscal's criminal conduct was not a one-time lapse in judgment.  His conduct is not remote in time; some of his criminal conduct is less than one-year-old.  Several of the firearms were recovered by law enforcement.  The nature and circumstances of Mariscal's offenses call for a Guideline prison sentence.  The nature and circumstances of Defendant's actions justify a sentence of no more than 18 months and one day in the BOP.

//

//

### 2.    Defendant's History and Characteristics

While Defendant Mariscal does not have a criminal history, his conduct shows a disregard for the law.  A Guideline sentence is appropriate.

### 3.    Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Purchasing dozens of firearms to sell to unknown persons in a parking lot  is serious.  The firearms could easily get into the hands of people who could not lawfully purchase firearms from an FFL.   Mariscal's crime warrants a prison sentence.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  A prison sentence is appropriate to deter Defendant from committing future crimes.  The need for deterrence also extends beyond preventing recidivism by Defendant.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing").  If Mariscal is not sentenced to a term of incarceration, as the probation officer recommends, there is no deterrent to Mariscal, or others, from engaging in criminal conduct.  Mariscal's sentence must be sufficient to deter him and other persons who engage in criminal conduct.

### 5.    Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).   Defendant Mariscal's conduct is serious because it impedes law enforcement from regulating which individuals possess firearms.  A Guidelines sentence is appropriate.

//

//

**6.        Providing Needed Correctional Treatment**

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  From a review of the Draft PSR, there does not appear to be a need for drug, alcohol, or mental health treatment.  However, if any educational or vocational training would be beneficial, Mariscal can receive treatment for that while in prison.

**B.        A 3-Year Term of Supervised Release is Appropriate under § 3583(c)**

The United States recommends that Mariscal be placed on supervised release for three years.  This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.).  It will provide the structure necessary to ensure Mariscal remains law abiding.  This will protect the public from further crimes by Mariscal and deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

**III.    CONCLUSION**

The United States recommends that Mariscal receive a sentence at the low-end of the Guidelines of 18 months imprisonment.  The United States further recommends that Defendant receive a term of 3 years' supervised release.  For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 10th day of February, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on February 10, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jazmin Jhovana Alagha
Counsel for Defendant Mariscal

*s/ J. Schesnol*
U.S. Attorney's Office